NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4560-15T2

E.H.,

 Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES,

 Respondent-Respondent.
________________________________

 Submitted October 19, 2017 – Decided November 3, 2017

 Before Judges Simonelli and Haas.

 On appeal from the Division of Medical
 Assistance and Health Services, Docket No.
 091007616501.

 SB2 Inc., attorneys for appellant (John P.
 Pendergast, of counsel and on the briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lauren S. Kirk,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM

 Petitioner E.H., by her designated authorized representative

(DAR), Future Care Consultants (FCC), appeals from the failure of
respondent Division of Medical Assistance and Health Services

(DMAHS) to respond to a request to transfer this matter to the

Office of Administrative Law (OAL) for a hearing.

 Prior to her death in August 2015, E.H. submitted a Medicaid

application to the Hudson County Division of Welfare (HCDW), and

designated FCC as her DAR. On October 13, 2015, the HCDW denied

the application, not because of E.H.'s death, but because she

failed to provide her husband's bank records for the five-year

look-back period.

 On October 29, 2015, FCC submitted to DMAHS a request for a

hearing. In a November 5, 2015 letter to FCC, DMAHS did not deny

the request; rather, it requested a copy of HCDW's denial notice.

The letter also notified FCC that the case would be closed if it

did not receive the requested information within thirty days. On

November 19, 2015, FCC sent to DMAHS a copy of the HCDW's denial

letter.

 On January 25, 2016, FCC contacted DMAHS and was advised that

because E.H. had died, the fair hearing request would not be

granted until the executor of E.H.'s estate signed a DAR form.

DMAHS did not confirm this decision in writing.

 FCC retained counsel, who notified DMAHS on March 24, 2016

that to his knowledge, there was no federal and State law requiring

the executor of E.H.'s estate to sign an additional DAR form to

 2 A-4560-15T2
perfect the appeal on her behalf. Rather, counsel argued that FCC

met the federal definition of "Medicaid applicant" in 42 C.F.R. §

400.203. Counsel requested that DMAHS transmit the matter to the

OAL for a hearing. DMAHS did not respond. This appeal followed.

 As a threshold issue, we first address whether FCC's request

for a fair hearing was timely. DMAHS argues the request was

untimely because FCC did not provide a copy of HCDW's denial notice

until thirty-eight days after the denial was issued. This argument

lacks merit.

 N.J.A.C. 10:49-10.3(a) provides that a request for a hearing

"shall be made in writing within [twenty] days from the date the

notice of the agency action giving rise to said complaint or

issue." N.J.A.C. 10:49-10.3(b) provides as follows, in pertinent

part:

 An opportunity for a fair hearing shall be
 granted to all claimants requesting a hearing
 because their claims for medical assistance
 are denied or are not acted upon with
 reasonable promptness . . . :

 1. A request for hearing shall be
 defined as any clear expression
 (submitted in writing) by claimants (or
 someone authorized to act on behalf of
 claimants) to the effect that they desire
 the opportunity to present their case to
 higher authority;

 . . . .

 3 A-4560-15T2
 3. Claimants shall have [twenty] days
 from the date of notice of Medicaid Agent
 or NJ FamilyCare program action in which
 to request a hearing[.]

 N.J.A.C. 10:49-10.3 does not require Medicaid applicant's to

provide a copy of the agency's denial notice in a written request

for a fair hearing, and DMAHS cites no authority imposing this

requirement. Similarly, the federal Medicaid regulation mandating

states to provide a fair hearing system does not specify what must

be included in a claimant's request for a fair hearing. 42 C.F.R.

431.205. Given that federal and State regulations providing for

a fair hearing do not require applicants to include a copy of the

agency's denial notice in their request within twenty days of the

contested decision, FCC's request for a fair hearing made within

sixteen days of HCDW's denial notice was timely.

 Furthermore, DMAHS notified FCC that it must provide the

denial notice within thirty days of November 5, 2015. In

compliance with that deadline, FCC sent DMAHS a copy of HCDW's

denial notice fourteen days later on November 19, 2015.

Accordingly, we conclude that FCC's request for a fair hearing was

timely.

 While the parties dispute whether DMAHS actually rendered a

final decision in this matter, there is no dispute that FCC did

not receive a written final decision from DMAHS or notice of its

 4 A-4560-15T2
right to judicial review, as required by N.J.A.C. 10:49-10.10.

Likewise, DMAHS did not notify FCC, in writing, of its decision

and FCC's right to request a hearing or seek judicial review, as

required by 42 C.F.R. § 431.245(a). According to 42 C.F.R.

431.205, which outlines hearing system requirements, "[t]he

hearing system must meet the due process standards set forth in

Goldberg v. Kelly, 397 U.S. 254[, 90 S. Ct. 1011, 25 L. Ed. 2d

287] (1970)." In Goldberg, the Supreme Court held that due process

in administrative proceedings requires timely and adequate notice

and a meaningful opportunity to be heard. Id. at 267-69, 90 S.

Ct. at 1020-21, 25 L. Ed. 2d at 299. The Court specified that

notice must include the agency's reasons supporting its decision,

and an opportunity to be heard, confront witnesses, present

arguments, and submit evidence tailored to the applicant's

specific capabilities and circumstances. Ibid.

 We conclude that DMAHS's January 25, 2016 oral decision, even

if deemed a final decision, violated State and federal regulations

requiring written notice and notice of a right to seek State agency

or judicial review. Accordingly, we reverse the decision, and

remand for a hearing before the OAL, at which the issues raised

in this appeal shall be addressed. The parties are not precluded

from raising additional issues.

 5 A-4560-15T2
Reversed and remanded. We do not retain jurisdiction.

 6 A-4560-15T2